ORIGINAL

FILED

11/21/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: AF 11-0244

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## AF 11-0244

FILED

NOV 2 1 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

IN RE RULES FOR ADMISSION
TO THE BAR OF MONTANA

ORDER

On July 17, 2024, the State Bar of Montana proposed revising Rule VI of the Rules for Admission to the Bar of the State of Montana to add new Sections L and M to the rule that governs pro hac vice admission. We invited comments on the Bar's proposed revisions. We received written comments from the U.S. Department of Justice, Environment and Natural Resources Division, and the Office of Tribal Administration of the Quechan Indian Tribe of Yuma, Arizona.

After review and consideration of the Bar's proposal and the comments submitted regarding that proposal, this Court has concluded that good cause exists to revise Rule VI to add Sections as follows:

L. An applicant is not required to associate with local counsel as described in Section VI.A. of this Rule or pay the fee established by Section VI.E. if the applicant establishes to the satisfaction of the State Bar of Montana Admissions Administrator that:

1. The applicant seeks to appear in a Montana court for the limited purpose of participating in a child custody proceeding as defined by 25 U.S.C. § 1903 pursuant to the Indian Child Welfare Act of 1978, 25 U.S.C. § 1901 et. seq; or participating in a child custody proceeding as defined by Montana Code Annotated § 41-3-1303(3), pursuant to the Montana Indian Child Welfare Act, Montana Code Annotated § 41-3-1301 et. seq;

2. The applicant represents an Indian tribe, parent, or Indian custodian, as defined by 25 U.S.C. § 1903; or Montana Code Annotated § 41-3-1303; and

3. One of the following:

a. If the applicant represents an Indian tribe, the Indian child's tribe has executed an affidavit asserting the tribe's intent to intervene and participate in the state court proceeding and affirming the child's membership or eligibility of membership under tribal law; or

b. If the applicant represents a parent or Indian custodian, the tribe has affirmed the child's membership or eligibility of membership under tribal law.

M. A new applicant seeking pro hac vice status to practice before the Montana Water Court and before the Montana Supreme Court in appeals arising from Water Court cases (not previously granted such status), is not required to associate with local counsel as described in Section VI.A. of this Rule or pay the fee established by Section VI.E. and VI.K. if the applicant is an employee of the federal government. Any such applicant shall bring a motion before the Water Court requesting pro hac vice admission and file a Water Court Pro Hac Vice Form available from the State Bar of Montana. The appearance of a federal attorney pursuant to this Rule shall constitute a single appearance, allowing the applicant to participate in any Water Court proceeding in any basin without exceeding the limitation in Section VI.C. The United States Department of Justice is not a firm for purposes of Section VI.C.

In accordance with the additions of VI.L. and VI.M., and as requested by the Bar, we further make the following revisions to the Rules for Admission:

I.G.6. Except as provided in Rule VI.L. and VI.M., attorneys admitted *pro hac vice* shall pay an application fee . . . .

. . .

VI.B. Except as provided in Rule VI.L. and VI.M., an attorney may not appear *pro hac vice* under this Rule if the attorney is a resident of Montana . . . .

VI.D. Applications for *pro hac vice* appearance must be obtained from the Bar Admissions Administrator. Except as provided in Rule VI.L. and VI.M., the application form must require . . . .

VI.E. Except as provided under this Rule, the completed application, along with a fee . . . .

2

VI.F. Except as provided under this Rule, the application will be reviewed . . . .

IT IS ORDERED that Rules I and VI of the Rules for Admission to the Bar of the State of Montana are revised as set forth herein. The revisions are effective immediately.

This Order shall be posted on the Court's website. In addition, the Clerk is directed to provide copies of this Order and attached rules to the State Law Library, to Todd Everts, Shana Harrington, and Karl Krempel at Montana Legislative Services, to Eric Goodemote in the Thomson Reuters Rules Department at Thomson Reuters, to Patti Glueckert and the Statute Legislation department at LexisNexis, and to the State Bar of Montana with the request that it provide notice to the membership by publication in the Montana Lawyer magazine and through other electronic and timely means.

DATED this 19th day of November, 2024.

 

_____
Chief Justice

 

_____

_____

_____

_____

_____
Justices

3

# RULES FOR ADMISSION TO THE BAR OF MONTANA

I.      Application Process
II.     Commission on Character and Fitness
III.    Board of Bar Examiners and Examination Requirements
IV.     Admission by Transfer of Uniform Bar Examination Score
V.      Admission on Motion .
VI.     *Pro Hac Vice* Appearance
VII.    Multistate Professional Responsibility Examination
VIII.   Montana Law Seminar
IX.     Records and Confidentiality
X.      Admission Ceremony
XI.     Administration

## I.      APPLICATION PROCESS

### A.      Administration

Admission to the State Bar of Montana is governed by the Montana Supreme Court Commission on Character and Fitness and the Montana Supreme Court Board of Bar Examiners. The State Bar of Montana Bar Admissions Administrator administers admission to the State Bar of Montana. An applicant who is aggrieved by the action of the Bar Admissions Administrator may request the action be reviewed by the Commission on Character and Fitness or the Board of Bar Examiners. A decision of the Commission may be appealed to the Montana Supreme Court.

### B.      Methods of Admission

Admission to the State Bar of Montana may be accomplished by four methods:

1.      examination as provided in Rule III;

2.      transfer of Uniform Bar Examination score from another jurisdiction as provided in Rule IV;

3.      admission on motion as provided in Rule V; and

4.      *pro hac vice* appearance as provided in Rule VI.

## C. Classification

The following applicants are eligible to apply for admission to the State Bar of Montana:

1. a **student applicant**, who is an applicant who has never held a license to practice law. At the time of taking the Montana Uniform Bar Examination, a student applicant must have a Juris Doctor from a law school accredited by the American Bar Association at the time of graduation. An L.L.M. degree is not considered the equivalent of a Juris Doctor degree;

2. an **attorney applicant**, who is an applicant with a Juris Doctor from a law school accredited by the American Bar Association at the time of graduation, and who is admitted to practice law in another state, district, or territory of the United States. An L.L.M. degree is not considered the equivalent of a Juris Doctor degree; or

3. a **resigned applicant**, who is an applicant who was previously a member of the State Bar of Montana but resigned the Bar membership. To apply for reinstatement, resigned members shall petition the Montana Supreme Court and may be required to submit to a character and fitness investigation, supply the supporting documentation, and pay the application fee. Unless otherwise ordered by the Montana Supreme Court, resigned members will not be required to sit for any portion of the Montana Uniform Bar Examination.

## D. Application

1. Except for *pro hac vice* appearance, an applicant for admission shall prepare the application electronically using the National Conference of Bar Examiners online application. The National Conference of Bar Examiners Application for Montana must be completed online and printed, and for those applying for admission by examination, must be postmarked by the application filing deadline. Prior versions of the application will not be accepted. In addition to completing the online application requirements, an

applicant must mail to the Montana Bar Admissions Administrator a signed original application, the Montana Application Cover Sheet, and all documents required on the Application Checklist with the Montana application fee.

2. An applicant shall submit the supporting documents identified on the Admissions Checklist.

### E. Multistate Professional Responsibility Examination

Except for *pro hac vice* appearance, an applicant for admission must pass the Multistate Professional Responsibility Examination as provided in Rule VII.

### F. Montana Law Seminar

Except for *pro hac vice* appearance, an applicant for admission must complete the Montana Law Seminar provided in Rule VIII.

### G. Fees

1. The Montana Supreme Court shall set all Montana fees for bar admission.

2. Montana bar admission fees must be paid to the Montana Supreme Court Bar Admissions Administrator at the State Bar of Montana. The Montana application fee is nonrefundable and may not be credited for any reason, including but not limited to denial of admission, withdrawal of the application, or failure to pursue admission after application, regardless of the date of notification by the applicant or the Bar Admissions Administrator.

3. Fees associated with the National Conference of Bar Examiners character and fitness investigation and the Multistate Professional Responsibility Examination are separate from and in addition to Montana bar admission fees. They are set by and paid directly to the National Conference of Bar Examiners.

4. An applicant who is granted leave to file a late application shall pay an additional late filing fee. An applicant applying for deferral of

3

examination shall pay an additional deferral fee. An applicant applying for reexamination shall pay all regular examination fees.

5. (a) An applicant for admission on motion shall pay an application fee of $2,500, which includes the Montana attorney application fee; Montana Law Seminar registration fee; and the first year's fees and assessments, including assessments for the Office of Disciplinary Counsel, Lawyers' Fund, and annual attorney license. The State Bar of Montana application fee does not include the fee for the character and fitness investigation conducted by the National Conference of Bar Examiners.

(b) The Montana attorney application fee must be waived for an applicant for admission on motion who:

(i) is employed by or has secured employment with an Access to Justice Organization as defined in M. R. Civ. P. 23(i);

(ii) is employed full-time or has secured full-time employment as a dean or teacher of law at a law school located in Montana and approved by the Council of the Section of Legal Education and Admission to the Bar of the American Bar Association, and who does not represent clients for personal remuneration; or

(iii) is seeking admission to emeritus status.

The applicant must, however, pay the State Bar fees for new admittees and fees and assessments for the Montana Law Seminar registration, the Office of Disciplinary Counsel, Lawyers' Fund, and annual attorney license, as provided in (a). If the admitted applicant ceases to be employed by the qualifying employer, no longer holds full-time status as a dean or teacher of law at the Montana law school, or transfers from emeritus to active status within two years of the fee waiver, the admitted applicant shall notify the Bar Admissions Administrator and must either pay the waived fees or relinquish admission to the State Bar of Montana.

4

6.      Except as provided in Rule VI.L. and VI.M., attorneys admitted *pro hac vice* shall pay an application fee and continue to pay annual dues and fees each year for the term of the Montana litigation or until such time that the Bar Admissions Administrator is advised that the attorney has withdrawn from representation. However, an attorney who is appearing *pro bono*, as defined under Rule 6.1 of the Rules of Professional Conduct, may pay a one-time-only *pro hac vice* fee equal to the amount paid annually by active members of the Montana Bar.

## II.     COMMISSION ON CHARACTER AND FITNESS

### A.      Composition, Nomination, and Appointment

The Commission on Character and Fitness is appointed by the Montana Supreme Court and consists of nine members, six of whom must be licensed Montana attorneys and three of whom must be lay members, nominated by either the State Bar or the Montana Supreme Court. Each member serves until a successor is appointed.

### B.      Duties

The Commission on Character and Fitness:

1.      processes each application for admission to the State Bar of Montana and makes a determination of the character and fitness of each applicant pursuant to the Rules of Procedure of the Commission on Character and Fitness; and

2.      administers *pro hac vice* appearances.

## III.    BOARD OF BAR EXAMINERS AND EXAMINATION REQUIREMENTS

### A.      Composition and Appointment

The Board is appointed by the Montana Supreme Court and consists of seven members. Each member serves until a successor is appointed.

### B.      Duties

The Board:

1. administers the Montana Uniform Bar Examination. The Uniform Bar Examination consists of:

a. the Multistate Essay Examination (MEE), a three-hour essay examination consisting of questions developed by the National Conference of Bar Examiners;

b. the Multistate Performance Test (MPT), a three-hour examination consisting of two questions designed to test the applicant's ability to use fundamental lawyering skills in a realistic situation; and

c. the Multistate Bar Examination (MBE), a six-hour multiple-choice examination developed by the National Conference of Bar Examiners.

2. grades the MEE and MPT. The Board may engage the services of active members of the State Bar of Montana to augment the grading performed by members of the Board if necessary. The MBE is graded by the National Conference of Bar Examiners in accordance with its established rules and procedures;

3. determines which applicants have passed the Uniform Bar Examination as provided in the Montana Board of Bar Examiners' Rules; and

4. administers the Montana Law Seminar as provided in Rule VIII.

C. **Admission by Examination Requirements**

All applicants by examination must:

1. be certified or conditionally certified by the Commission on Character and Fitness;

2. sit for and pass all components of the Montana Uniform Bar Examination in a single examination administration;

3.      pass the Multistate Professional Responsibility Examination as provided in Rule VII; and

4.      complete in-person attendance at the Montana Law Seminar as provided in Rule VIII.

## D.      Date of Examinations

The Uniform Bar Examination is administered twice annually on the dates and in the locations directed by the Board as provided in the Montana Board of Bar Examiners' Rules.

## E.      Deadlines for Filing Applications for Examination

The application filing deadline for the July administration of the Montana Uniform Bar Examination is March 15 preceding the administration. The application filing deadline for the February administration is the preceding October 1. Applications must be postmarked or hand-delivered to the Bar Admissions Administrator on or before the applicable deadline. Late applications will not be accepted without leave from the Montana Supreme Court. If the Montana Supreme Court grants a petition for late application, a late filing fee will be charged in addition to the application fee.

## F.      Registration

Prior to administration of the Uniform Bar Examination, the Bar Admissions Administrator shall assign each applicant a number that will uniquely identify the applicant throughout the examination process. The assigned identification numbers are confidential. An identification number may not be provided to anyone other than the Bar Admissions Administrator's authorized staff prior to the Board of Bar Examiners' final pass/fail determination and report to the Montana Supreme Court.

## G.      Notification of Results

1.      The Board of Bar Examiners shall file a report of the Uniform Bar Examination results with the Bar Admissions Administrator. The Bar Admissions Administrator shall notify the applicants of the results by first class mail and by other means as the Board determines to be appropriate.

7

2.    Five days following written notification to the applicants, the Bar Admissions Administrator shall file the Board of Bar Examiners' report of the Uniform Bar Examination results with the Clerk of the Supreme Court.

3.    Upon completion of the entire examination process, including the Multistate Professional Responsibility Examination, the Bar Admissions Administrator shall notify the Clerk of the Supreme Court in writing of the names and addresses of the applicants to be admitted.

## H.    Post-Examination Review

The Board of Bar Examiners' pass/fail decisions are final and not subject to additional substantive review once the report is filed with the Bar Admissions Administrator.  Successful applicants may not review their examination results. Access to the MEE, MPT, and MBE examinations, point sheets and/or analysis is governed by the policies set by the National Conference of Bar Examiners and the Montana Board of Bar Examiners.  In the event an unsuccessful applicant requests to review the applicant's own Uniform Bar Examination results for purposes of preparing for reexamination, the review must be scheduled within sixty days after the date of the Administrator's mailed notice of the results to applicants.

## I.    Limitation on Examinations

An applicant who has been unsuccessful in three attempts at the Uniform Bar Examination must petition and be given permission by the Montana Supreme Court before sitting for the examination again.  The petition to the Court must include a study plan and an explanation of the steps taken and to be taken by the applicant to improve the likelihood of the applicant's successful completion of the examination.

## J.    Reexamination and Deferral

1.    An applicant's failure to appear for examination without first requesting a deferral in writing will result in the application being dismissed. The applicant must file a new application and pay the application filing fee for any subsequent application.

8

2. An applicant who, after filing an application for admission, finds that the applicant is unable to take the examination on the prescribed date or continue with the process in a timely manner may submit to the Bar Admissions Administrator a written request for deferral to the next examination.

3. An applicant applying for deferral shall file an *Addendum to Application* no later than twenty days prior to the deferred examination, unless an emergency circumstance warranting the deferral occurs between the deferral filing deadline and the relevant Uniform Bar Examination administration, and the late deferral application is approved by the Bar Admissions Administrator. An applicant applying for deferral shall pay a deferral fee as provided in Rule I.G.4.

4. An applicant applying for reexamination shall file an *Addendum to Application* no later than twenty days prior to the Uniform Bar Examination administration in which the applicant seeks reexamination. An applicant applying for reexamination shall pay all regular examination fees as provided in Rule I.G.

5. If an applicant, after requesting a deferral or failing the examination, fails to timely file an *Addendum to Application*, the application will be dismissed by the Bar Admissions Administrator. The Administrator shall provide written notice of the dismissal to the applicant. The applicant must file a new application and pay the application filing fee for any subsequent application.

6. After three deferrals or requests for reexamination, an applicant must submit a new application and pay the application filing fee in addition to regular examination fees provided in Rule I.G.

K. **Transferring Scores Obtained on Earlier Examinations**

1. Beginning with the July 2013 Montana Uniform Bar Examination, a Montana applicant's score on the Uniform Bar Examination earned in

another jurisdiction may be accepted and considered valid for a period of three years from the administration of the exam in which the score was earned as provided in Rule IV. Uniform Bar Examination scores must be certified by the National Conference of Bar Examiners to the Montana Bar Admissions Administrator with a minimum passing combined scaled score of 266. Examinees who wish to have their certified Uniform Bar Examination scores transferred to other jurisdictions must submit a request to the National Conference of Bar Examiners for an official score transcript and meet all other requirements set forth in Rule IV.

2. All components of the Uniform Bar Examination must be administered in a single exam cycle. Scores from any one component of the Uniform Bar Examination may not be transferred from another jurisdiction or carried forward to any subsequent examination. An applicant must sit for all components of the Uniform Bar Examination in the same administration to gain admission to the State Bar of Montana.

## IV. Admission by Transfer of Uniform Bar Examination Score

Beginning with the July 2013 Montana Uniform Bar Examination, a Montana applicant who has earned a Uniform Bar Examination score in another jurisdiction and who meets the qualifications of Rule I.C. and the other requirements of this Rule, may be admitted to the State Bar of Montana. The Uniform Bar Examination transfer score is considered valid and will be accepted for a period of three years from the first day of the administration of the examination in which the score was earned.

### A. Eligibility Requirements

The applicant must:

1. hold a Juris Doctor degree from a law school accredited by the American Bar Association at the time of graduation;

2. have achieved a scaled score on the Uniform Bar Examination that is equal to or greater than 266 and that was earned in not more than three

10

administrations of the Uniform Bar Examination within the three years preceding the date of the application for admission to the State Bar of Montana. The score must be certified by the National Conference of Bar Examiners to the Montana Bar Admissions Administrator;

3. submit evidence of a score of 80 or higher on the Multistate Professional Responsibility Examination that was earned in an administration of the Multistate Professional Responsibility Examination within three years preceding the date of the application for admission;

4. establish that the applicant is currently a member in good standing in every jurisdiction in which the applicant is admitted to practice law. If the applicant is not presently in good standing, the applicant must establish that he or she resigned in good standing or is capable of achieving good standing;

5. establish whether the applicant is the subject of any written complaints pending before a disciplinary agency in any jurisdiction and, if so, a description of the nature and status of any pending disciplinary complaints, including a copy of the complaint; and

6. establish that the applicant has been certified by the Commission on Character and Fitness to practice law in Montana.

**B.    Montana Law Seminar**

Before being admitted by transfer of a Uniform Bar Examination score, the applicant must complete the Montana Law Seminar as provided in Rule VIII.

**C.    Process**

An applicant seeking admission to the State Bar of Montana by transfer of a Uniform Bar Examination score must:

1. meet the eligibility requirements for admission in Rules I.C. and IV.A.;

2. file an application for admission by transfer of a Uniform Bar Examination score, including all required supporting documents, as provided in Rule IV.A.;

11

3. provide proof of in-person completion of the Montana Law Seminar as provided in Rule VIII; and

4. pay the application fee established by the Court.

## V. ADMISSION ON MOTION

### A. Eligibility

An applicant who meets the requirements of this Rule may move for admission to the practice of law in Montana. The applicant:

1. must be a graduate of a law school formally accredited by the American Bar Association;

2. must have been admitted by bar examination to practice law and engaged in the active practice of law for at least five of the seven years preceding application to Montana in one or more states, territories, or protectorates of the United States or the District of Columbia;

3. may never have been denied admission to practice law in Montana or any other jurisdiction because of character or fitness deficiency;

4. may not have taken and failed the Montana Uniform Bar Examination within the five years preceding application under this Rule;

5. may not be or ever have been admitted to the practice of law in Montana, unless the applicant voluntarily withdrew or resigned from the bar of Montana while in good standing or practiced under *pro hac vice* admission or an order of temporary admission issued by the Montana Supreme Court;

6. may not have been previously denied admission to practice on application or motion to practice law in Montana or any other jurisdiction unless the applicant's motion was denied for the sole reason that he or she exceeded the number of allowed *pro hac vice* admissions;

7. may not ever have been previously engaged in the unauthorized practice of law in Montana or any other jurisdiction;

8. must currently be a member in good standing in every jurisdiction in which the applicant is or was admitted to practice law. If at the time of application the applicant is not admitted to practice in a state, territory, or protectorate of the United States or the District of Columbia, the applicant shall establish that the applicant resigned in good standing. An applicant who is disbarred or suspended for any reason from the practice of law in another jurisdiction at the time of filing an application for admission on motion will not be admitted on motion;

9. shall submit evidence of a passing scaled score on the Multistate Professional Responsibility Examination as described in Rule VII;

10. shall establish to the satisfaction of the Commission on Character and Fitness that the applicant possesses the character and fitness to practice law in Montana; and

11. shall submit evidence of completed in-person attendance at the Montana Law Seminar as provided in Rule VIII.

## B. Amendment of Application

An applicant shall promptly amend the application in the event any information on the application is incorrect or has been affected by intervening conduct or events.

## C. Documents Required

The applicant must furnish the following documents with the application, in addition to any other information that may be required:

1. a copy of the certification of moral character and fitness by the Commission on Character and Fitness;

2. a transcript authenticated by and sent from a law school formally accredited by the American Bar Association evidencing the applicant's graduation with a Juris Doctor or Bachelor of Laws and Letters degree from the law school;

3. a certificate of admission, currently valid license to practice law, or certificate of good standing from each jurisdiction in which the applicant is admitted;

4. a letter from the grievance or disciplinary entity of each state, district, territory, protectorate, province, or foreign country in which the applicant is admitted indicating that there are no pending disciplinary complaints or charges against the applicant;

5. a certificate from the highest court in each jurisdiction relied upon by the applicant to satisfy the active practice of law durational requirements in this Rule certifying that:

   a. the applicant has been admitted to engage in the active practice of law in that jurisdiction for at least five of the seven years immediately preceding the date of the certificate;

   b. the applicant is in good standing in the bar of that jurisdiction and has not been disbarred or placed under disciplinary suspension, or has not resigned from that bar while under disciplinary investigation;

   c. the applicant is not the subject of any pending disciplinary complaints or proceedings in that jurisdiction; and

   d. if the applicant had been suspended or disbarred, that the applicant has been duly reinstated; and

6. the applicant's affidavit providing a detailed description of the applicant's active practice of law for the required durational period in each applicable jurisdiction and how the practice satisfied the active practice requirement of this Rule.

**D.** **Definitions**

1. "Active practice of law" means active and continuous engagement or employment in the performance of legal services and includes the following activities if performed or treated as performed while the applicant was admitted in active status:

14

a. representation of one or more clients in the practice of law;

b. service as a lawyer with a United States local, state, territorial, or federal agency, including military service with any branch of the United States military;

c. teaching at a law school formally accredited by the American Bar Association;

d. service as a judge in a local, state, territorial, or federal court of record of the United States;

e. service as a judicial law clerk in a local, state, territorial, or federal court of record of the United States, which service was performed after admission to practice in the jurisdiction in which the service was performed;

f. service as in-house counsel provided to the applicant's employer or its organizational affiliates, which service was performed after admission to practice in the jurisdiction in which the service was performed;

g. service as a lawyer in Montana pursuant to temporary admission by order of the Montana Supreme Court; or

h. any combination of the above.

The active practice of law does not include work that, as undertaken, constituted the unauthorized practice of law in the jurisdiction in which it was performed or in the jurisdiction in which the clients receiving the unauthorized services were located.

2. "Engagement or employment in the performance of legal services" means that during each of the required five years in the durational period, the applicant spent at least one thousand hours per year engaged in one or more of the activities listed in Rule V.D.1.

### E. Application and Filing Fees

An applicant seeking admission to the practice of law on motion shall comply with Rules V.A. through V.D. and shall:

1. file an application for admission on motion, including character and fitness investigation information and all required supporting documents;

2. pay an application fee as provided in Rule I.G.5, unless the fee is waived pursuant to that Rule. The application fee may not be refunded or credited for any reason, including but not limited to denial of admission, withdrawal of the application, or failure to pursue admission after application, regardless of the date of notification by the applicant or the Bar Admissions Administrator; and

3. pay all costs, including the applicant's individual costs, associated with the application or with any investigation or hearing conducted pursuant to this Rule.

## VI. *PRO HAC VICE*

A. Upon written application, an attorney who is not admitted to practice law in the state courts of Montana and who is at the time admitted and authorized to practice law in the highest court of another state may, with leave of the presiding court, appear *pro hac vice* in any action or proceeding, if an attorney admitted to practice in the courts of Montana is associated as attorney of record.

B. Except as provided in Rule VI.L. and VI.M., an attorney may not appear *pro hac vice* under this Rule if the attorney is a resident of Montana, is regularly employed in Montana, or is engaged in the practice of law or in substantial business or professional activities in Montana, unless the attorney has an application for admission pending with the Bar Admissions Administrator.

C. Upon an attorney or firm's second appearance *pro hac vice*, no further *pro hac vice* appearances are permitted except upon a showing of good cause. Findings of good cause to exceed the two-appearance limit are not to be routinely granted.

For purposes of this Rule, "good cause" includes, by way of example only, a showing that the attorney or firm seeking to appear *pro hac vice* possesses experience or expertise not commonly available in the membership of the State Bar of Montana or where the attorney or firm is acting as counsel in a multistate class action. For purposes of this Rule, only those appearances made after November 17, 1998, will be considered.

**D.**     Applications for *pro hac vice* appearance must be obtained from the Bar Admissions Administrator. Except as provided in Rule VI.L. and VI.M., the application form must require that the applicant provide the following information:

1.     the applicant's residence and office addresses;

2.     the state and federal courts in which the applicant has been admitted to practice and the dates of admission;

3.     whether the applicant is a member in good standing in those courts;

4.  .  whether the applicant is currently suspended or disbarred in any court and, if so, a description of the circumstances under which the suspension or disbarment occurred;

5.     whether the applicant is the subject of any written complaints pending before a disciplinary agency in any jurisdiction and, if so, a description of the nature and status of any pending disciplinary complaints, including a copy of the complaint;

6.     an identification of all law firms with which the applicant is associated and a description of all pending *pro hac vice* appearances of the applicant's firm(s) in Montana;

7.     the title of each state court and cause in which the applicant has filed an application to appear as counsel *pro hac vice*, the date of each application, and whether it was granted;

8.     the name, address, and telephone number of the active member of the State Bar of Montana who is the attorney of record;

9.      an affirmation that the applicant will comply with the applicable statutes, law, and procedural rules of the state of Montana; be familiar with and comply with the Montana Rules of Professional Conduct; and submit to the jurisdiction of the Montana courts, the Montana disciplinary process, and the State Bar of Montana with respect to acts and omissions occurring during appearances under this Rule; and

10.     whether payment has been made in accordance with the requirements of Rule VI.E.

**E.**      Except as provided under this Rule, the completed application, along with a fee equal to the annual amount paid by active members of the Montana Bar, must be filed with the Bar Admissions Administrator.

**F.**      Except as provided under this Rule, the application will be reviewed by the Bar Admissions Administrator, who shall certify the number of prior appearances the applicant has been granted under Rule VI.C., whether the applicant has provided the required information, whether the applicant is in good standing in the other jurisdiction(s) where admitted, and whether Montana counsel is in good standing.

**G.**      Upon certification, the Bar Admissions Administrator shall forward the application to the appropriate court or agency. The court or agency shall enter an order granting or refusing the application and, if the applicant is refused, the court or agency shall state its reasons. The court or agency shall mail a copy of the order to the applicant, counsel of record, and the Bar Admissions Administrator.

**H.**      The Bar Admissions Administrator shall maintain a record of all *pro hac vice* applications as a public record. Attorneys appearing *pro hac vice* shall notify the Bar Admissions Administrator upon conclusion of the matter in which the attorney appeared.

**I.**      An attorney appearing *pro hac vice* under this Rule is subject to the jurisdiction of the Montana courts and agencies with respect to Montana law governing the conduct of attorneys to the same extent as an attorney admitted to practice in the courts of this state. The attorney appearing *pro hac vice* shall comply

18

with the Montana Rules of Professional Conduct and is subject to the disciplinary jurisdiction of the Montana Supreme Court. The court or agency in which an attorney is appearing *pro hac vice* or the Montana Supreme Court may, for violations of Montana law, the Montana Rules of Professional Conduct, Rules for Admission to the Bar of Montana, or orders of the court, withdraw its permission for an attorney to appear *pro hac vice*.

**J.** Montana attorneys of record shall sign all pleadings, motions, and briefs and participate actively in all phases of the case, including, but not limited to, attendance at depositions and court or agency proceedings, preparation of discovery responses and briefs, and all other activities necessary to be prepared to go forward with the case at all times. A district court or agency, upon motion by local counsel, may waive this Rule based upon a showing of extraordinary circumstances. Upon waiver of the Rule by the district court or agency, all papers subsequently filed shall be signed by counsel actively involved in the case. Such a waiver is not to be routinely granted.

**K.** Attorneys admitted *pro hac vice* shall continue to pay annual dues and fees as provided in Rule I.G.6. while the case is pending.

**L.** An applicant is not required to associate with local counsel as described in Section VI.A. of this Rule or pay the fee established by Section VI.E. if the applicant establishes to the satisfaction of the State Bar of Montana Admissions Administrator that:

1. The applicant seeks to appear in a Montana court for the limited purpose of participating in a child custody proceeding as defined by 25 U.S.C. § 1903 pursuant to the Indian Child Welfare Act of 1978, 25 U.S.C. § 1901 et. seq; or participating in a child custody proceeding as defined by Montana Code Annotated § 41-3-1303(3), pursuant to the Montana Indian Child Welfare Act, Montana Code Annotated § 41-3-1301 et. seq;

19

2.	The applicant represents an Indian tribe, parent, or Indian custodian, as defined by 25 U.S.C. § 1903; or Montana Code Annotated § 41-3-1303; and

3.	One of the following:

a.	If the applicant represents an Indian tribe, the Indian child's tribe has executed an affidavit asserting the tribe's intent to intervene and participate in the state court proceeding and affirming the child's membership or eligibility of membership under tribal law; or

b.	If the applicant represents a parent or Indian custodian, the tribe has affirmed the child's membership or eligibility of membership under tribal law.

M.	A new applicant seeking pro hac vice status to practice before the Montana Water Court and before the Montana Supreme Court in appeals arising from Water Court cases (not previously granted such status), is not required to associate with local counsel as described in Section VI.A. of this Rule or pay the fee established by Section VI.E. and VI.K. if the applicant is an employee of the federal government. Any such applicant shall bring a motion before the Water Court requesting pro hac vice admission and file a Water Court Pro Hac Vice Form available from the State Bar of Montana. The appearance of a federal attorney pursuant to this Rule shall constitute a single appearance, allowing the applicant to participate in any Water Court proceeding in any basin without exceeding the limitation in Section VI.C. The United States Department of Justice is not a firm for purposes of Section VI.C.


**VII.	The Multistate Professional Responsibility Examination**

All applicants for admission to the State Bar of Montana must pass the Multistate Professional Responsibility Examination. The Multistate Professional Responsibility Examination is offered three times a year nationwide. Registration for the Multistate Professional Responsibility Examination is through the National Conference of Bar

Examiners. An applicant must obtain a Multistate Professional Responsibility Examination scaled score of 80 or higher from any testing site:

A. no earlier than three years prior to:

1. the first day of the administration in which the applicant sat for the Montana Uniform Bar Examination;

2. the date of the applicant's submitted application for admission on motion; or

B. no later than nine months after notification of:

1. successful completion of the Montana Uniform Bar Examination; or

2. eligibility for admission on motion.

A qualifying score must be certified to the Bar Admissions Administrator no later than nine months after notification of successful completion of the Montana Uniform Bar Examination or eligibility for admission on motion. The applicant is solely responsible for the certification of the applicant's Multistate Professional Responsibility Examination score to the Bar Admissions Administrator.

## VIII. MONTANA LAW SEMINAR

A. Except for *pro hac vice* appearance, in-person completion of the Montana Law Seminar is a prerequisite for admission to the State Bar of Montana. Applicants for admission by examination or transfer of Uniform Bar Examination score may complete the Montana Law Seminar requirement during either of the two administrations prior to their taking the Uniform Bar Examination or the first two administrations after they take the Uniform Bar Examination. Applicants for admission on motion may complete the Montana Law Seminar requirement during either of the first two administrations after their application for admission. An applicant need complete the Montana Law Seminar only once.

B. The Board of Bar Examiners sets the date and location of the Montana Law Seminar. The Board develops the content and delivery of the seminar program, which must be approved by the Montana Supreme Court. The Board may establish

a two-track approach to the Montana Law Seminar, with all applicants taking the same course in the morning, then splitting the afternoon course into a litigation track and a commercial/transactional track. Limited portions of the Montana Law Seminar may be by video, recorded, or live via video link.

## IX. RECORDS AND CONFIDENTIALITY

**A.** Bar admission application files are confidential. Only the Montana Supreme Court, the Bar Admissions Administrator, the Commission on Character and Fitness, and the Board of Bar Examiners may have access to information in the files, unless otherwise provided in the Character and Fitness Rules of Procedure and the Montana Board of Bar Examiners' Rules. An applicant's bar admission application file must be maintained for at least five years from the date of the Bar Admissions Administrator's last action in the file after which, if no litigation is pending concerning the application, the file may be destroyed.

**B.** Bar examination materials are confidential. Only the Montana Supreme Court, the Bar Admissions Administrator, the National Conference of Bar Examiners, and the Board of Bar Examiners may have access to the materials, unless otherwise provided by the National Conference of Bar Examiners, and the Board of Bar Examiners' Rules. An applicant's bar examination materials must be retained for two years from the date of the Bar Admissions Administrator's last action in the file after which, if no litigation is pending, the materials must be destroyed.

## X. ADMISSION CEREMONY

**A.** The Clerk of the Montana Supreme Court shall provide written notice to the successful applicants for admission of the time, date, and place of the admission ceremony.

**B.** If an applicant does not appear for admission to the State Bar of Montana within one year after successfully meeting the requirements for admission, the

applicant's application will be terminated and the applicant may be admitted only after reapplication as provided in these Rules.

**C.** Each applicant admitted to practice shall sign the roll of attorneys kept by the Clerk of the Montana Supreme Court, sign the attorney ethics oath, and recite an oath prescribed by the Montana Supreme Court.

**D.** A successful applicant may petition the Montana Supreme Court for permission to take the oath before an authorized judge in another jurisdiction. The oath also may be administered by the Clerk of the Montana Supreme Court or by any district judge in the state of Montana.

**E.** An applicant shall pay the following fees prior to the applicant's admission:

    1. State of Montana license tax;

    2. State Bar of Montana fees and assessments; and

    3. fees and assessments of the Office of Disciplinary Counsel and the Lawyers' Fund for Client Protection.

## XI. ADMINISTRATION

### A. Final Authority

The Montana Supreme Court is the final authority as to whether an applicant may be admitted to practice law in Montana. The Court may, under circumstances it deems sufficient, waive any requirement under these Rules.

### B. Judicial Immunity; Privileged Communication; Waiver of Privilege

All commissions, committees, boards, and their members and personnel, including personnel and employees of the State Bar of Montana, acting on behalf of the Montana Supreme Court under these Rules, have the judicial immunity the Montana Supreme Court would have if performing the same functions. Records, statements of opinion, and other information regarding an applicant for admission to the State Bar of Montana communicated in good faith and without malice by any person or entity to any commission, committee, or board involved in the admissions process, including the person's or entity's members, employees, or agents, are privileged and

23

the information communicated is not admissible in any lawsuit. Waiver of the privilege, if any, is governed by Mont. R. Evid. 503.

## C. Appointment of Bar Admissions Administrator

Subject to the approval of the Commission on Character and Fitness and the Montana Board of Bar Examiners, which approval may not be unreasonably withheld, the Executive Director of the State Bar of Montana shall appoint a Bar Admissions Administrator, who is administratively attached to the State Bar of Montana.

## D. Annual Reports to Supreme Court

The Bar Admissions Administrator, the Dean of the Alexander Blewett III School of Law, and the chairs of the Commission on Character and Fitness and Board of Bar Examiners shall each submit an annual report to the Montana Supreme Court on bar admissions, and may submit recommendations for Rule revisions when advisable or necessary.

## E. Petitions to Clerk of Montana Supreme Court

Except for petitions requesting permission to be sworn in before another court, the Montana Supreme Court Clerk's Office may not accept petitions concerning character and fitness, the Montana Uniform Bar Examination, or admission to the State Bar of Montana, unless the petitioner includes a certificate of service showing that a copy of the petition has been properly served upon the Bar Admissions Administrator.